## C. C. LATHROP, adm., v. J. L. DELEE.

Action on a promissory note. The protest stated, that the notary "demanded payment of said note of the proper officer at the U. B. Bank, Clinton, where it was made payable." In the note, the words used were, "payable at the Branch of the Union Bank of Louisiana at Clinton "—and a copy of the note accompanied the protest. *By the Court:* This is a sufficient designation of the place where payment was demanded, and the certificate made is sufficient, without further designation, of the particular officer to whom the presentment was made.

Where the notice was deposited in the Post Office, at Clinton, without being addressed to any particular place, and it was shown that the endorser lived upwards of three miles from Clinton, and that the endorser resorted to the Clinton Post Office for his letters, and it did not appear that there was a nearer Post-office, the holder was not bound to send a messenger to him with the notice.

APPEAL from the District Court, Seventh District, Parish of East Feliciana, *Stirling,* J. *Winter & McRae,* for plaintiff. *Merrick,* and *Bowman & DeLee,* for defendant and appellant.

SLIDELL, J. This case was formerly before this Court, and was remanded for further evidence, 5 Annual, p. 238.

The protest states that the notary demanded payment of said note of the proper officer at the U. B. Bank, at Clinton, where it was made payable. In the note the words used are, "payable at the Branch of the Union Bank of Louisiana, at Clinton," and a copy of the note accompanies the protest.

We consider this a sufficient designation of the place where payment was demanded, and are also of opinion that the certificate of presentment is sufficient, without further designation of the particular officer to whom the presentment was made.

We are not permitted to disregard the certificate of notice, because the Notary is shown to have been occasionally a careless man in his business matters. If it be conceded that, in the present case, his character might have some effect upon the mind in estimating the weight to be given to his certificate, still the District Judge was satisfied of its truth, and there is no sufficient reason why we should disturb his opinion.

The notice being deposited in the Post office at Clinton, without being addressed to any particular place, it would, under the Post-office usage, remain

there. As the endorser lived three miles and upwards from Clinton, the holder was not bound to send a messenger to him. See *Canal Bank* v. *Barrow*, 2 Annual; *Bank of Columbia* v. *Lawrence*, 1 Peters, 583. The evidence satisfied the District Judge that, at the time, the endorser resorted to the Clinton office. The conclusion does not seem to us erroneous. Moreover, it does not appear that there was a nearer post-office.

Judgment affirmed, with costs.